IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
CIVIL DIVISION

JUDY MacDONALD

       Plaintiff,

                                            11004960CI021

v.                                CASE NO.: ~~09-07276-CI-20~~

ALLEGIANT AIR, LLC

       Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JUDY MacDONALD, an individual ("PLAINTIFF"),

by and through her undersigned counsel, hereby files her Complaint against Defendant,

ALLEGIANT AIR, LLC, ("DEFENDANT"), and states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $15,000.00.

2.     Venue lies within Pinellas County because a substantial part of the events

giving rise to this claim arose in this Judicial District.

### PARTIES

3.     PLAINTIFF is a citizen and resident of Manatee County, Florida.

4.     DEFENDANT is a Florida corporation authorized and doing business in

this Judicial District.

5.     DEFENDANT is an employer as defined by the laws under which this

action is brought.  It is upon information and belief that Defendant employs the required

number of employees.

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to bringing this action have occurred.

7.      PLAINTIFF timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Rights (FCHR).

8.      A Notice of Right to Sue was received from the EEOC. This Complaint has been filed within ninety (90) days of the issuance thereof.

9.      Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 because more than 180 days have passed since the filing of the charge.

## GENERAL ALLEGATIONS

10.     At all times material, DEFENDANT acted with malice and with reckless disregard for PLAINTIFF'S state protected rights.

11.     At all relevant times, DEFENDANT was an employer as defined by the laws under which this action is brought and employed the required number of employees.

12.     PLAINTIFF has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13.     PLAINTIFF requests a jury trial for all issues so triable.

## FACTS

14.     PLAINTIFF began her employment with DEFENDANT as a flight attendant on or about December 2007.

15.     In or about February 2009, DEFENDANT hired a Brenda Blose as Base Coordinator. Brenda Blose was PLAINTIFF'S immediate supervisor.

16.     In March 2009, PLAINTIFF witnessed a fellow flight attendant fall asleep while in the jump seat and on duty. After speaking with other flight attendants who had also witnessed the same flight attendant falling asleep, PLAINTIFF in May or June of 2009 submits to management photographic evidence of the flight attendant sleeping while in the jump seat.

17.     Beginning in June 2009, PLAINTIFF receives several hostile phone calls and e-mails from other flight attendants questioning her about the termination of the flight attendant.

18.     PLAINTIFF complained of being singled out for the termination of the flight attendant and the hostility towards her from other flight attendants to her In Flight Manager, but nothing was done and Plaintiff continued to be harassed.

19.     In mid August 2009, Plaintiff was walking to the employee parking lot. Brenda Blose was also in the parking lot. Brenda Blose approached PLAINTIFF while PLAINTIFF was at her car. Brenda Blose started pointing at the car and yelling "what is this" "are you kidding me?". Brenda Blose then stated "what will the passengers think to see one of our flight attendants with one of these in her car?". Brenda Blose was referring to the handicap placard. Brenda Blose then asked PLAINTIFF if it was really hers and why she had it. PLAINTIFF responded that the placard was hers and that her doctor had given her due to her rheumatoid arthritis. Brenda Blose then told PLAINTIFF that she was no longer allowed to park her car in the handicapped parking spaces in the employee parking lot although PALINTIFF had a valid handicap placard.

20.     On or about August 8, 2009, during PALINTIFF'S annual "one on one " meeting with two In Flight Managers, PLAINTIFF complained of Brenda Blose's comment that she must stop parking in the handicapped parking spots, but nothing was done.

21.     In September 2009, after a meeting with several flight attendants, Brenda Blose pulled PLAINTIFF aside and told her that she was not "allowed to make any complaints against other flight attendants concerning their conduct."

22.     On or about October 25, 2009, PLAINTIFF was taken off a flight and into a conference with her In Flight Manager and Brenda Blose. PLAINIFF'S was told that her demeanor with the crew and passengers was unacceptable and that she needed to formulate a "Plan of Action" to address the issues. Brenda Blose reminded PLAINTIFF that she was not to make any complaints against other flight attendants concerning their conduct.

23.     PLAINTIFF contacted Human Resources via e-mail regarding the treatment by Brenda Blose, but never received a response.

24.     On or about January 21, 2010, PLAINTIFF requests a meeting with DEFENDANT'S Vice President.  During the meeting, PLAINTIFF is assured that, she will not be fired for making complaints about Brenda Blose or of the harassment.

25.     From the above date until March 2010, PLAINTIFF believed that her complaints were being investigated. PLAINTIFF never heard from the DEFENDANT'S Vice President again and the harassment by Brenda Blose and other flight attendants continued.

26.    On or about April 7, 2010, PLAINTIFF, while in flight, had a discussion with a male flight attendant regarding a number of passengers walking through the cabin while the seat belt sign is on.

27.    On or about April 8, 2010, PLAINTIFF is called into a meeting regarding the discussion and that a compliant about PLAINTIFF was made by the male flight attendant. PLIANTIFF was refused details of the complaint and told to submit a FYI statement, which she submits without delay.

28.    On or about April 14, 2010, PLAINTIFF is again called into a meeting with an In Flight Manager. PLAINTIFF is told that the FYI is not true and she needs to re-write her statement. Plaintiff again asks for the specific allegations against her and is denied.

29.    On or about April 21, 2010 PLAINTIFF is given a Final Warning Notice.

30.    During the meeting in which she is given the final written warning, she informs management that another flight attendant grabbed her breasts while working. She also informed them that this had happened on more than one occasion.

31.    On or about April 27, 2010, Plaintiff is placed on administrative leave with pay pending an internal investigation of the complaint made by the male flight attendant.

32.    On or about May 15, 2010 PLAINTIFF is flown to Allegiant Corporate Head Quarters in Las Vegas, Nevada. PLAINTIFF is advised that she was being sent to a psychologist for a Fitness for Duty Examination.

33.    PLAINTIFF attends the Fitness for Duty Examination and on June 29, 2010 is found fit for duty.

34.    DEFENDANT sends PLAINTIFF an e-mail that she may return to work, but not at her current airport base and would need to find a position at another airport base.

35.    PLAINTIFF was given until July 9, 2010 to accept a position at another base or they will process her as a voluntary resignation.

36.    PLAINTIFF was constructively discharged on July 9, 2010.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT
## (PERCEIVED DISABILITY)

37.    PLAINTIFF realleges and adopts the allegations stated in Paragraphs 1-15, 19-20, 23-25, and 33-36.

38.    By the conduct described above, DEFENDANT engaged in unlawful employment practices and discriminated against PLAINTIFF because DEFENDANT regarded her as having a disability.

39.    The above described acts of disability discrimination constitute a violation of the FCRA for which DEFENDANT is liable.

40.    As a result of DEFENDANT'S unlawful discrimination, PLAINTIFF has suffered and continues to suffer damages.

WHEREFORE, PLAINTIFF prays for the following damages against DEFENDANT:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

e.   Pecuniary and non-pecuniary losses;

f.   Costs and attorney's fees;

g.   Punitive damages; and

h.   For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – RETALIATION

41.   PLAINTIFF realleges and adopts the allegations stated in Paragraphs 1-15, 19-20, 23-25, 30-36.

42.   PLAINTIFF suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

99.   The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which DEFENDANT is liable.

100.   As a result of DEFENDANT'S unlawful retaliation, PLAINTIFF has suffered and continues to suffer damages.

WHEREFORE, PLAINTIFF prays for the following damages against DEFENDANT:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages;

e.   Pecuniary and non-pecuniary losses;

f.   Costs and attorney's fees;

g.   Punitive damages; and

h.   For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA PRIVATE WHISTLEBLOWER'S ACT

113.   PLAINTIFF realleges and adopts the allegations stated in Paragraphs 1 – 18, 21-36.

114.   PLAINTIFF was terminated from her employment with DEFENDANT as a direct result of and in retaliation for her reporting of and opposition to violations of a law rule or regulation.

115.   PLAINTIFF objected to the violation of Florida Statutes Chapter 760.

116.   The retaliatory actions of DEFENDANT constitute a violation of the Florida Private Whistleblower's Act.

117.   As a direct result of the DEFENDANT'S retaliatory actions, PLAINTIFF has sustained damages.

WHEREFORE, PLAINTIFF prays for the following damages against DEFENDANT:

    a.    Back pay and benefits;

    b.    Interest on backpay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Costs and attorney's fees;

    f.    For such other relief as the Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

DATED: May 2-3, 2011.

**FLORIN ROEBIG, P.A.**

**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
cdg@florinroebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wmf@florinroebig.com
**RACHAEL L. WOOD, ESQUIRE**
Florida Bar No. 0054102
rwood@florinroebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff